# IN THE COURT OF APPEALS OF IOWA

No. 21-0140
Filed March 30, 2022

**RODNEY FITZGERALD JACKSON**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Badding, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GAMBLE, Senior Judge.**

Rodney Jackson appeals the dismissal of his application for postconviction relief (PCR). Jackson claims he pleaded guilty to assault causing bodily injury while under duress and is actually innocent. We affirm.

## I. Background Facts and Prior Proceedings

On July 12, 2019, Jackson rode the bus with a woman he described as his girlfriend. M.O., a fellow passenger on the bus, observed Jackson assault the woman. M.O. told him to stop. When M.O. exited the bus, Jackson bumped into her, she pushed back, and then he struck her in the body and face.

Jackson was arrested following the altercation. He was in the Woodbury County Jail on $1000 bond. Jackson was unable to bond out of jail. Ultimately, Jackson accepted the State's plea offer in effort to return sooner to his Section 8 housing, which only permitted his absence for thirty days. Jackson's counsel read through his written plea of guilty with him word for word and explained it to him. Jackson's written plea of guilty informed the court he was pleading guilty voluntarily. Jackson signed the guilty plea and provided a factual basis in his own handwriting. Jackson waived his right to file a motion in arrest of judgment and requested immediate sentencing. In accordance with his plea agreement, the court suspended Jackson's jail sentence, placed him on probation, and immediately released him from jail with credit for time served.

Jackson appealed but later voluntarily dismissed the appeal. He then initiated this PCR action claiming he pleaded guilty under duress and is actually innocent. Following a hearing, the PCR court dismissed Jackson's PCR action. He appeals.

**II. Scope and Standard of Review**

We review PCR proceedings for correction of legal error. *See Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). To the extent "the basis for relief implicates a violation of constitutional dimension, our review is de novo." *Id.*

**III. Discussion**

We first address Jackson's claim that he entered his plea under duress because he was at risk of losing his housing and employment if he remained in jail. The State argues Jackson waived any such claim because he failed to file a motion in arrest of judgment alerting the court to his purported duress.[1] *Cf.* Iowa R. Crim. P. 2.24(3)(a) ("A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty."). This is because PCR actions are "not a means for relitigating claims that were or should have been properly presented" in a prior action absent a showing of sufficient reason as to why the claim was not previously presented and resulting prejudice. *See Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998); *accord Mack v. State*, No. 00-695, 2001 WL 194854, at *2 (Iowa Ct. App. Feb. 28, 2001); *see also* Iowa Code § 822.8 (2019) ("Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to

---

[1] With respect to Jackson's ability to file a motion in arrest of judgment, the plea agreement stated:

> My attorney has informed me of the effect of waiving my right to file a **Motion in Arrest of Judgment**. I know that any challenge to a plea of guilty, based on alleged defects in the plea proceedings, must be raised in a Motion in Arrest of Judgment and that failure to raise such challenge shall preclude the right to assert them on appeal. I hereby waive my right to a Motion in Arrest of Judgment.

secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.").

A motion in arrest of judgment would have been a proper vehicle for Jackson to bring his duress claim, but he waived his right to file such motion in his written guilty plea. And because Jackson did not file a motion in arrest of judgment and his written guilty plea adequately advised him of the consequences of failing to do so, Jackson could not raise his claim on direct appeal. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (recognizing the defendant is not required to file a motion in arrest of judgment when not advised of the consequences of failing to do so while still recognizing a defendant appealing a guilty plea must establish good cause to appeal). Previously defendants could appeal from a guilty plea absent filing a motion in arrest of judgment by claiming counsel was ineffective, *see State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013), but since July 1, 2019, Iowa Code section 814.7 prevents defendants from bringing ineffective-assistance claims on direct appeal. To add another wrinkle, Jackson would also have to establish good cause to appeal his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019) (requiring defendants appeals from a guilty plea to first establish good cause to appeal except in class "A" felony cases). Of course, Jackson voluntarily dismissed his direct appeal. And "[g]enerally, a claim not raised on direct appeal cannot be raised in a [PCR] proceeding unless the applicant can demonstrate a sufficient

cause or reason for not raising the issue previously." *Ledezma v. State*, 626 N.W.2d 134,141 (Iowa 2001).

So how could Jackson raise his duress claim if not through PCR proceedings? Jackson should have filed a motion in arrest of judgment but even without doing so, he could raise his duress claim in this PCR action *if* he also presents a sufficient reason as to why he did not previously raise the claim. *See Osborn*, 573 N.W.2d at 921. Yet Jackson fails to assert any reason why he did not previously raise the issue. And this case is unusual in that he does not claim his counsel provided ineffective assistance by allowing him to waive his right to file a motion in arrest of judgment.[2] As a result, Jackson cannot raise his duress claim for the first time in this PCR action.[3]

Next, we address Jackson's claim of actual innocence. *See Schmidt*, 909 N.W.2d at 795 (recognizing freestanding actual-innocence claims are available to applicants who pleaded guilty).

> For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for

---

[2] Applicants often claim they received ineffective assistance of counsel to establish a sufficient reason for failing to previously raise an issue first asserted in a PCR action. *See Ledezma*, 626 N.W.2d at 141. In fact, we previously determined a defendant was required to raise a claim that his guilty plea was not knowing and voluntary through a motion in arrest of judgment and could not raise the claim in a PCR action absent a claim that plea counsel was ineffective. *See Ross v. State*, No. 19-1920, 2021 WL 1016570, at *2 (Iowa Ct. App. Mar. 17, 2021).

[3] Jackson suggests we should extend the reasoning in *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018), to create a freestanding duress claim similar to the freestanding actual-innocence claim established in *Schimdt*. This would seemingly relieve an applicant of the burden of presenting a sufficient reason for not previously raising the claim. But we think that would be a significant expansion of *Schmidt* better left for our supreme court.

which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.

*Id.* at 797. At the PCR hearing, Jackson testified he never assaulted M.O. Other than this denial, Jackson did not present any new evidence to support his claim of actual innocence. However, the State provided security footage from the bus showing the altercation between Jackson and M.O. In the video, M.O. can be seen exiting the bus and opening her walker. Jackson follows M.O. off the bus and initiates contact with her. M.O stands up to Jackson as he bumps her with his stomach. M.O. pushes Jackson away, and he retaliates. Then Jackson punches M.O. as the bus driver tries to stop him. In light of all the evidence, including the video and police reports detailing the altercation and M.O.'s resulting injuries, we conclude Jackson failed to prove by clear and convincing evidence that no reasonable finder of fact could convict him of assault causing bodily injury. *See id.* at 795. Therefore, Jackson failed to establish his actual innocence.

**AFFIRMED.**